UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00198-JHM

FACTORY MUTUAL INSURANCE                                              PLAINTIFF
COMPANY, as subrogee of General Electric
Company,

v.

DERBY INDUSTRIES, LLC                                                 DEFENDANT

## Memorandum Opinion and Order

This matter is before the court on a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Derby Industries, LLC ("Derby"). [DN 69]. Fully briefed, this matter is ripe for decision.

### I. Background

The present dispute stems from a large fire that occurred at General Electric Company's ("GE") Appliance Park, a 1,000 acre industrial manufacturing campus in Louisville, Kentucky. (Pl.'s Compl. [DN 1] ¶ 7.) Appliance Park had six main buildings at the time of the fire, one of which was known as "AP6." On April 3, 2015, a fire originated in AP6 and quickly spread, completely destroying the 650,000 square foot warehouse section of AP6 and its contents. (Id. ¶ 17.) The fire also significantly damaged the 100,000 square foot office section of AP6 and its contents, and smoke caused extensive soot damage to the adjacent building and its contents. (Id. ¶¶ 17–18.) Additionally, GE claims that the fire damage disrupted manufacturing and business operations throughout Appliance Park and the United States. (Id. ¶ 19.)

At the time of the fire, GE was leasing approximately 450,000 square feet of floor space in AP6 to Derby pursuant to a written lease agreement ("Lease Agreement"). GE exclusively used and occupied the 100,000 square feet of office space in AP6, while the remaining floor space was

used and occupied in various ways by GE and its subcontractors/tenants. GE and Derby were also parties to a Supplier Distribution Center Agreement ("SDC Agreement"). Pursuant to this agreement, Derby used its leased floor space in AP6 as a supplier distribution center for palletized bulk and high rack storage. (Id. ¶ 12.) The complaint alleges that the majority of the palletized bulk stored by Derby was comprised of flammable, plastic parts stacked up to twenty-six feet in the air. (Id. ¶ 17.) The complaint also claims that the rapid spread of fire across AP6 was the direct and proximate result of the "enormous fuel load" created by Derby's bulk storage and high rack storage practices. (Id.) Factory Mutual, which at all relevant times provided property and business interruption insurance to GE, alleges that damages from the fire total approximately $140 million. (Id. ¶¶ 8, 20.) Factory Mutual reimbursed GE for damages in the amount of $134 million, as the policy imposed a $6 million deductible on GE. (Id. ¶ 28.)

Factory Mutual, as subrogee of GE, filed this complaint against Derby on April 3, 2017, alleging negligence/negligence per se, breach of contract, and contractual indemnification and seeking $140 million in damages. (Id.) Derby filed a motion to partially dismiss the complaint arguing in part that Factory Mutual, as subrogee of GE, failed to state a claim for the $6 million deductible paid by GE because such claim belonged to GE and that GE was the real party in interest with respect to the claim for its deductible. (DN 19.) In response to Derby's partial motion to dismiss, Factory Mutual attached an assignment of claims dated June 27, 2017, by which GE assigned its right to pursue the deductible to Factory Mutual. In its reply, Derby argued that even if the assignment was valid, Factory Mutual's claim for the deductible was time-barred by the applicable two-year statute of limitations.

By Memorandum Opinion and Order dated March 20, 2018, the Court granted Derby's motion to dismiss the $6 million deductible claim finding that Factory Mutual "cannot maintain a

claim for the $6 million deductible, as the subrogee of GE, as it never actually paid that amount." (DN 47 at 5.) While recognizing that GE assigned its personal claim for this $6 million against Derby to Factory Mutual (Assignment Agreement [DN 28-1] ¶ 2), the Court concluded the assignment did not resolve this pleading deficiency, as Factory Mutual could only recover as the real party in interest if it had brought a claim in that capacity. The Court instructed that if Factory Mutual wished to pursue claims against Derby for the $6 million deductible as the real party in interest, it should file a proper motion for leave to amend its complaint, which should include a proposed amended complaint that alleged that theory of recovery.

Factory Mutual has since filed a First Amended Complaint alleging that GE assigned its right to pursue the deductible to Factory Mutual, and Factory Mutual is suing in its capacity as real party in interest for the deductible amount. (Pl.'s First Amended Compl. at ¶ 23 [DN 63].) Derby now moves to dismiss Plaintiff's claim for the deductible with prejudice arguing that GE's assignment of its claim to Factory Mutual is invalid, as it was executed on June 28, 2017, outside the two-year statute of limitations for property damage claims.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

While GE's total loss from the fire was $140 million, it was required to pay $6 million towards the loss as a deductible. (Assignment Agreement [DN 28-1] ¶ E.) In its original complaint filed on April 3, 2017, Factory Mutual, as subrogee of GE, sought to recover the entire value of GE's $140 million loss from Derby, including the $6 million deductible that Factory Mutual never paid to GE. Based on the June 27, 2017, assignment from GE, Factory Mutual now asserts a claim for the $6 million deductible as the real party in interest. Derby argues that Factory Mutual may not recover the $6 million deductible paid by GE because neither GE nor Factory Mutual as assignee of that claim filed its claim for the deductible within the applicable two-year statute of limitations pursuant to KRS § 413.125.[1] In response, Factory Mutual maintains that the motion to dismiss should be denied because under both Fed. R. Civ. P. 15(c)(1)(B) and 17(a)(3), the substitution of Factory Mutual as the real party in interest as to the claim for recovery of the deductible relates back to the original complaint.

### A. FED. R. CIV. P. 15(C)(1)(B)

Fed. R. Civ. P. 15(c)(1) applies in three types of situations involving amendments to complaints—namely, when:

(A) the law that provides the applicable statute of limitations allows relation back;

---
[1] KRS § 413.125 provides: "An action for the taking, detaining or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued."

4

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

Fed. R. Civ. P. 15(c)(1)(A)-(C). Factory Mutual suggests that its amendment adding itself in the capacity as a real party in interest of GE's assigned $6 million deductible claim should be allowed under Rule 15(c)(1)(B). However, "[r]ule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new party." Asher v. Unarco Material Handling, Inc., 596 F.3d 313, 318 (6th Cir. 2010). Here, this amendment adds a new party. Rule 15(c)(1)(B), then, is not enough to allow the claim for the $6 million deductible brought by Factory Mutual as a real party in interest to relate back to the original complaint or to be considered timely. Selective Way Ins. Co. v. Gunnebo Johnson Corp., 2010 WL 5653471, at *3–6 (M.D. Pa. Dec. 20, 2010), report and recommendation adopted, 2011 WL 335589 (M.D. Pa. Jan. 26, 2011)). The more applicable rule raised in the present case is Fed. R. Civ. P. 17.

### B. Fed. R. Civ. P. 17(a)(3)

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Federal Rule of Civil Procedure 17(a)(3) further provides that:

> (3) Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). This protection against dismissal "is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the

action should be brought." Gardner v. State Farm Fire and Cas. Co., 544 F.3d 553, 562 (3d Cir. 2008) (quoting Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1555 (2d ed. 2008)). "A literal interpretation of Rule 17(a)(3) would make it applicable to every case in which an inappropriate plaintiff had been named. However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice. Thus, it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed." In re Enron Corp. Sec., Derivative & ERISA Litig., 279 F.R.D. 395, 411 (S.D. Tex. 2011) (citing 6A Charles A. Wright, et al. at § 1555 and Gardner, 544 F.3d 553 (assignment of owner's claims against insurer to tenant after statute of limitations has run was not the result of an understandable mistake and was ineffective)). See also Pearce v. Borough of Glassport, 2016 WL 3855033, at *2 (W.D. Pa. July 15, 2016).

Significantly, both the Third and Ninth Circuits have specifically held that Rule 17(a) does not apply "where a party, knowing that it has no cause of action, brings a lawsuit to toll the limitations period while it attempts to obtain an assignment from the real party in interest." In re Enron Corp., 279 F.R.D. at 411 n. 21 (citing United States for Use and Benefit of Wulff v. CMA, Inc., 890 F.2d 1070, 1075 (9th Cir. 1989)); Gardner, 544 F.3d at 562. "On the other hand, an 'honest' or 'reasonable' mistake allows application of the rule." Selective Way Ins. Co. v. Gunnebo Johnson Corp., 2010 WL 5653471, at *5 (quoting 6A Charles A. Wright et al. § 1655 (citing Crowder v. Gordons Transports, Inc., 387 F.3d 413, 418–19 (8th Cir. 1967))).

In the present case, it is clear that prior to the assignment in question, the only party entitled to sue for the $6 million deductible was GE. Factory Mutual did not pay GE the full $140 million that corresponded with GE's loss, but rather only $134 million. Thus, Factory Mutual could not

6

maintain a claim for the deductible amount as the subrogee of GE, as it never actually paid that amount. Wine v. Globe American Cas. Co., 917 S.W.2d 558, 561 (Ky. 1996). However, after Factory Mutual filed the original complaint, GE assigned its personal claim for the $6 million deductible against Derby to Factory Mutual. (Assignment Agreement [DN 28-1] ¶ 2.) "Where the cause of action is assignable, and the entire cause has been assigned, clearly the assignee has become the owner of the cause and [it] is the real party in interest." Louisville & N. R. Co. v. Mack Mfg. Corp., 269 S.W.2d 707, 709 (Ky. 1954) (citations omitted). Accordingly, as of June 27, 2017, the real party in interest for the $6 million deductible is Factory Mutual. Unfortunately, the assignment took place over two months after the expiration of the statute of limitations.

Under the guidance of the case law discussed above, the assignment of GE's claim to Factory Mutual and Factory Mutual's subsequent amended complaint adding itself as a real party in interest does not relate back to the filing of the original complaint. "Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period." U.S. for Use & Benefit of Wulff, 890 F.2d at 1074–75. Although at this time there is no indication of "deliberate deception or attempt to circumvent the rules," Selective Way, 2010 WL 5653471, at *5, Factory Mutual has offered no evidence or argument that it experienced any difficulty in determining the right party to bring suit or made any understandable mistake. Significantly, the law regarding subrogation and assignment was clear when the complaint was originally filed.

Because neither Fed. R. Civ. P. 15(c) nor Fed. R. Civ. P. 17(a)(3) provide grounds for Factory Mutual's claim to relate back to the time of the original filing and because there is no

7

dispute that the amended complaint in which Factory Mutual was added as a real party interest, as well as the assignment, was beyond the two-year statute of limitations, Factory's Mutual's claim for the $6 million deductible is time-barred and is properly dismissed.

## IV. Conclusion

Therefore, for the reasons stated herein, **IT IS HEREBY ORDERED** that Derby's partial motion to dismiss [DN 69] is **GRANTED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 13, 2018